UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT YATES, ) | |
| ) | |
| Plaintiff, ) | No. 3-08-0109 |
| ) | (No. 3:07mc0132) |
| v. ) | Judge Echols |
| ) | |
| JOHN MASSEY, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM and ORDER

The Court has before it a *pro se* prisoner complaint brought under 42 U.S.C. § 1983. The plaintiff also has submitted an application to proceed *in forma pauperis*.

The plaintiff is a prisoner in the Southeastern Tennessee State Regional Correctional Facility (STSRCF) in Pikeville, Tennessee. It appears from his application that he lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

The plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). Payments shall continue until the

$350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

The plaintiff brings this *pro se* action against John Massey, formerly a Deputy with the Warren County Sheriff's Department, and five (5) other defendants. The other defendants are: Jackie Matheny, Sheriff of Warren County; 2) District Attorney General Clement Dale Potter, 31st Judicial District; 3) former Assistant District Attorney General Lisa Zavogiannis, 31st Judicial District; 4) Jeff Golden, Grand Jury Foreman; and 5) Circuit Court Judge Larry B. Stanley. The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments.

The plaintiff alleges that Deputy Massey subjected him to a full cavity search on May 31, 2005. (Docket Entry No. 1, ¶ IV, p. 4). According to the plaintiff, Sheriff Matheny ordered the search after obtaining permission from Judge Stanley. (Docket Entry No. 1, ¶ IV, p. 4) The plaintiff contends that the search constituted rape, and that he was "taken to the court house in shock . . . ."[1] (Docket Entry No. 1, ¶ IV, pp. 4-5). According to the plaintiff, he was so traumatized by the

---

[1] The plaintiff has attached to his complaint a "highlighted" copy of a letter from his attorney at the time, Tracy Caten, dated December 7, 2005. The highlighted portion of the letter reads:

> I am in receipt of your letter dated November 30, 2005. I have investigated your sexual assault claim and have learned that the reason the sheriff's deputy searched your body cavities is because the last time you went to the Warren County Jail you hid an object in your anus which you later used to stick into your stomach so that you would be able to go to the hospital.

Attorney Caten went on to observe:

> I was present when you asked the judge to bind your case over to the grand jury and you did not appear under any stress at all. You spoke to your son, you participated in conversations with me. At no time that day did you mention any kind of sexual assault to me or the judge.

(Docket Entry No. 1, Attach. ltr. from Caten to Yates dtd. Dec. 7, 2005)

2

Case 3:08-cv-00109   Document 11   Filed 02/04/08   Page 2 of 6 PageID #: 52

alleged incident that he has had to seek the assistance of a psychiatrist. (Docket Entry No. 1, ¶ IV, p. 5).

The plaintiff alleges that he asked the District Attorney General's office to conduct an investigation, but that he was "laughed at." (Docket Entry No. 1, ¶ IV, p. 5) The plaintiff asserts that he also asked his attorney to investigate the matter, but that the District Attorney General's office lied to her. (Docket Entry No. 1, ¶ IV, p. 5).

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*overruled in part by Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

3

Because Congress did not establish a limitations period applicable to § 1983 actions, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(*superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons, Co*, 541 U.S. 369, 379-380 (2004)). The statute of limitations for personal injury arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. Of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson*, 471 U.S. at 267; *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1986). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *see also Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Roberson*, 399 F.3d at 794.

Ordinarily, the "discovery rule" applies to establish the date on which the statute of limitations begins to run, *i.e.*, the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. *Sevier*, 742 F.2d at 273. This inquiry is objective and the Court looks "to what event should have alerted the typical lay person to protect his or her rights." *Hughes v. Vanderbilt*, 215 F.3d 543, 548 (6th Cir. 2000).

The record before the Court establishes that the alleged rape occurred on May 31, 2005. Because the alleged event that triggered the one-year statute of limitations was the rape itself, the plaintiff had until May 31, 2006 to bring his claim under § 1983. The plaintiff did not bring this

4

action until September 25, 2007. Consequently, the plaintiff brought this action nearly one (1) year and eight (8) months after the statue of limitations had run.[2]

The statute of limitations may be tolled in actions alleging civil rights violations. *See e.g., Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). In that regard, the Supreme Court has recognized the doctrine of equitable tolling in civil rights cases, holding that statutory filing deadlines "should not be construed to erect a jurisdictional prerequisite to suit in the district court." *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 397 (1982). More particularly, the Supreme Court has held that statutory filing deadlines for alleged civil rights violations are more analogous to a limitations statute, "subject to waiver as well as tolling when equity so requires . . ." *Id.* at 398.

Whether courts apply equitable tolling depends on an analysis of the following factors: 1) lack of actual notice of filing requirements; 2) lack of constructive notice of filing requirements; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the reasonableness of a plaintiff remaining ignorant of the notice requirement. *Andrews*, 851 F.2d at 151 (citing *Wright v. State of Tenn.*, 628 F.2d 949, 953 (6th Cir. 1980)). The plaintiff does not assert that equitable tolling should be applied in this case, nor can such an argument be liberally construed from the complaint or attached documents. Therefore, the Court concludes that the statute of limitations should not be equitably tolled.

As explained herein, this action is barred by the statute of limitations. Therefore, the complaint is **DISMISSED** as frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i); 1915A(b)(1). Because an appeal from the judgment rendered herein would not be taken in good faith, the plaintiff is **NOT**

---

[2] In the December 7, 2005 letter to which reference is made *supra* at p. 2 n.1, attorney Caten refers to a November 2005 letter from the plaintiff to her in which the plaintiff wrote about the alleged sexual assault. Assuming for the sake of argument that the psychological trauma alleged by the plaintiff prevented him from realizing that he had a cause of action at the time of the alleged assault, it is clear from the record that the plaintiff was aware that he had a cause of action not later than December 7, 2007 when attorney Caten wrote her letter. Using December 7, 2005 as the start-date for calculating the statute of limitations, the plaintiff still brought this action more than nine (9) months late.

5

certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full appellate filing fee of four hundred fifty-five dollars ($455.00), or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore*, 114 F.3d at 605.

The Clerk is directed to send a copy of this Order to the Warden at STSRCF to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees.

It is so **ORDERED.**

Robert L. Echols
United States District Judge